### In re MOULTON.
### Patent Appeal No. 2244.

Court of Customs and Patent Appeals.
March 3, 1930.

See, also, 38 F.(2d) 358.

Paul Carpenter, of Washington, D. C. (J. T. Basseches, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents rejecting claims 15, 16, 17, and 18 of appellant's application. All of the other claims of the application were canceled by appellant prior to the decision of the Commissioner. Claims 15 and 18 are illustrative of the claims in issue, and read as follows:

"15. The method of light projection which includes impinging all the rays from a given source of light upon reflecting means surrounding said light source and emitting duly reflected rays, and then interrupting the heat rays whereby only the light rays are projected, and directing the light so treated upon an object to be projected."

"18. In a motion picture projecting device, a light projector, comprising in combination a cup shaped reflector, a mirror, a source of light comprising any incandescent filament therebetween so that the light is emitted in a reflected beam and a translucent plate carrying a thin film of gold on the side thereof disposed towards said reflector, said plate being disposed in the path of the light emitted before it strikes the object to be projected whereby the passage only of light rays is permitted and the film may be interrupted and a still picture projected."

The references cited are: Edison, No. 493,426, March 14, 1893; Hulburd, No. 1,-057,059, March 25, 1913; Adams, No. 1,163,-192, December 7, 1915; Hopkins, No. 1,204,-771, November 14, 1916; Bugbee, No. 1,-342,894, June 8, 1920; Van Cappelle, No. 1,370,386, March 1, 1921; Tillyer, No. 1,-385,162, July 19, 1921; Ritter et al., No. 112,447, April 25, 1918 (British).

■ The application relates in general to the art of light projection and more particularly to the art of motion picture projection. It comprises means for performing two distinct operations in the art—namely, (1) means for projecting light; (2) means for interrupting or arresting the heat rays. The light projecting means comprises a cup-shaped reflector, a mirror, and a source of light comprising an incandescent filament situated between the reflector and mirror, whereby the light is emitted in a reflected beam. The means for interrupting or arresting the heat rays comprises a translucent plate carrying a thin filament of gold on the side of the plate disposed toward the said reflector.

■ The contention of appellant is that the patentability of the claims consists in the combination light-projecting means and the heat ray arresting means of the specific form described. While the claims here on appeal were substituted in the hearing before the Commissioner for the fourteen claims which had been rejected by the Examiner and the Examiners in Chief, the Commissioner found, in allowing the amendment, that the four substituted claims are directed to the same subject-matter as the fourteen rejected claims, and did not differ therefrom in patentable respects. We therefore have a rejection of the subject-matter of appellant's claims by three tribunals of the Patent Office, the Examiner, the Examiners in Chief, and the Commissioner, and the rule applies that in such cases it is incumbent upon an appellant to make out a clear case of error before reversal is warranted. In re Barratt, 11 App.

D. C. 177; In re Smith, 14 App. D. C. 181; In re Beswick, 16 App. D. C. 345. In his decision, the Commissioner states:

"So far as defined by the claims no novelty is predicated upon either the light projector or the heat ray arresting means per se, the contention of the appellant being that the patentability of the claims consists in the combination of the light projecting means and the heat ray arresting means of the specific forms disclosed.

"As pointed out by the examiner and the examiners in chief the broad combination of a light projector for motion pictures, and a heat ray filter is within the prior art, as evidenced by the patents to Ritter, Hulburd, Van Cappelle, Bugbee and Tillyer, Ritter and Bugbee disclosing in addition a light projector of the reflector type.

"It is not evident, nor has it been pointed out, wherein there is any interdependence in action between the specific form of light projector claimed and the specific means for filtering out the heat rays; and as the light projector as claimed is old in Adams, and the heat ray arresting screen is old in Tillyer and Van Cappelle, as example, it seems evident that the appealed claims call for the mere substitution in the patents showing the general organization, of one old form of light projector for another, and one old form of heat ray arrestor for another. The substitution of one old element for another in an existing organization without effecting a new mode of operation or a new result is not an act of invention.

■ Under the rule as above stated, we are not satisfied that error was committed by the Commissioner. Patentable novelty is a question of fact, and no useful purpose would be served by a discussion of appellant's application and the cited references.

The decision of the Commissioner is affirmed.

Affirmed.